UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WAYNE I. CORBEIL, JR.,

      Plaintiff,

v.              Case No. 25-cv-768-pp

WAUSHARA COUNTY JAIL, *et al.*,

      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4), DENYING PLAINTIFF'S MOTION TO AMEND (DKT. NO. 11), DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 17), SCREENING COMPLAINT AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

  Plaintiff Wayne I. Corbeil, Jr., who is incarcerated at the Waushara County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants denied him envelopes and stamps. This decision resolves the plaintiff's motions for leave to proceed without prepaying the filing fee, dkt. no. 4, to amend his complaint, dkt. no. 11, and to appoint counsel, dkt. no. 17, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On September 18, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $0.12. Dkt. No. 14. On October 2, 2025, the court received a letter from the plaintiff in which he states that he cannot pay the $0.12 fee because the jail takes any money that he attempts to add to his institutional account. Dkt. No. 16. He says that he "now owe[s] the Jail about 2,800.00" in medical fees. Id. He states that he has "no family or friends at all so [he has] no one to ask for the $.12." Id.

Given the plaintiff's inability to pay the initial partial filing fee, the court will not require him to pay one. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the full $350 filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

2

Case 2:25-cv-00768-PP   Filed 11/13/25   Page 2 of 11   Document 19

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names the Waushara County Jail and Lieutenant Bradley McCoy as defendants. Dkt. No. 1 at 1. The plaintiff alleges that in the morning on May 8, 2025, he submitted a request for two "Indigent Legal envelopes" to send to the court and to the State Public Defender's office in Oshkosh. Id. He says that Mr. Contreras (who is not a defendant) denied his request and told the plaintiff to forward his legal mail to his public defender, but that he would not provide the plaintiff any more envelopes that week. Id. The plaintiff says that Correctional Officer Store (also not a defendant) came to the plaintiff's housing pod and told him, "this is per Lt. McCoy Bradley [*sic*]" because the

plaintiff was "sending out too much legal evelopes out [*sic*] [and] wasting them." Id. The officer told the plaintiff "to take it up" with Lieutenant McCoy. Id.

Later that morning, the plaintiff filed a grievance to McCoy about the envelopes. Id. He says that he explained that he wanted one of the envelopes to mail a request to the public defender "about getting an attorney to appeal the origi[n]al judgment [and] convictions," and the other was to obtain any other materials he needed for his appeal if he was unable to obtain an attorney. Id. The plaintiff also told McCoy that he needed "to be sent out to the the [*sic*] Judge Dutcher as well." Id. He states that he was "trying to communicate with the State public Defenders as well as the court [and] not wasting envelopes [and] stamps." Id. The plaintiff says that the jail's rulebook provides that "All correspondences to Courts [and] Attorneys are unlimited." Id.

The plaintiff alleges that on May 12, 2025, he received a response from Lieutenant McCoy telling him that he did not need envelopes "for the public defender or Judge Dutcher." Id. at 1–2. McCoy stated that there "is a specific form to communicate with our courts that gets passed through inter-departmental mail." Id. at 2. McCoy told the plaintiff that he knew about that system because he had "utilized it numerous times in the past." Id. He reminded the plaintiff that the public defender also has an inter-departmental mailbox at the jail and is at the jail Monday through Friday. Id. He told the plaintiff, "[Y]ou do not need evelopes [*sic*] [for] that." Id. McCoy alternatively advised the plaintiff to give his "communication over to a C.O. and [they] can place it in their bin for [the plaintiff]." Id.

The plaintiff claims that Lieutenant McCoy is misleading him to keep him from sealing his mail, which he says "is [his] right" when the mail is being sent to the courts or an attorney. Id. He asserts that McCoy told him to hand over

his mail "so that the jail can throw out [his] legal mail just as they are throwing out [his] regular mail." Id. The plaintiff says that he "sent several correspondences" to people outside of the jail, "and they never got any of [the] correspondences whatsoever." Id. The plaintiff says he believes that the jail "wants to read all [his] legal mail just so they can say [he is] wasting envelopes." Id.

The plaintiff reiterates that he has the right to seal legal mail that he sends to an attorney, the courts and "any other legal matters." Id. He asks "for some type of dis[c]ipline [to] happen to the Jail for these actions." Id.

C. Analysis

The plaintiff alleges that jail staff denied him envelopes he needed to send mail to attorneys and state courts related to an appeal from his state conviction and sentence. The facts the plaintiff describes could relate to more than one type of claim. First, the plaintiff could be asserting that jail staff impermissibly have tampered with his mail. Incarcerated persons retain a First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 413 (1989); Kaufman v. McCaughtry, 419 F.3d 678, 685 (7th Cir. 2005) (citing Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999)). But jail officials still may examine mail to ensure that it does not contain contraband. Kaufman, 419 F.3d at 685 (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974), and Rowe, 196 F.3d at 782). Legal mail is entitled to greater protections "because interference with that mail may hinder a prisoner's access to the courts." Delgado v. Hughes, Case No. 24-1407, 2024 WL 3812287, at *1 (7th Cir. Aug. 14, 2024) (citing Rowe, 196 F.3d at 782; and Lewis v. Casey, 518 U.S. 343 (1996)). But "legal mail" does not include everything an incarcerated person sends or receives related to a lawsuit.

See Kaufman, 419 F.3d at 688 (citing Wolff, 418 U.S. at 577, and Castillo v. Cook Cnty. Mail Room Dep't, 990 F.2d 304, 305–06 (7th Cir. 1993)).

The plaintiff asserts that jail staff denied him envelopes and stamps and told him to use the jail's inter-departmental system to send mail to the state public defender's office and the court. He says that he is not allowed to seal this mail, which he claims he has a right to do. But there is no right for an incarcerated person to seal his mail. Jail staff may inspect even legal mail before sending or processing it. See Kaufman, 419 F.3d at 685–86; Marion v. Radtke, Case No. 07-CV-243, 2009 WL 1373660, at *5 (W.D. Wis. May 14, 2009) (citing Vasquez v. Raemisch, 480 F. Supp. 2d 1120, 1138–41 (W.D. Wis. 2007)). Nor does the plaintiff allege that his mail would have contained privileged correspondence between himself and his attorney. He says that he was writing to the state public defender's office to *obtain* an attorney. Neither this mail nor his correspondence to the court falls in the category of "legal mail" that receives more protection than regular mail. See Guajardo-Palma v. Martinson, 622 F.3d 801, 803–04 (7th Cir. 2010).

Even if the plaintiff's letters constituted protected legal mail, the plaintiff "must allege an actual injury, such as that prison officials' interference with his legal mail hindered his pursuit of a legal matter." Delgado, 2024 WL 3812287, at *1 (citing In re Maxy, 674 F.3d 658, 660–61 (7th Cir. 2012)). The plaintiff has not alleged any injury. For example, he does not say that he was unable to obtain an attorney for his appeal because of the jail's refusal to provide him envelopes. He says only that he had to use the jail's inter-department mailing system to communicate with the public defender's office and the court. The plaintiff fears that the jail will throw away his legal mail, but he does not allege that the jail *has* discarded his mail. His speculative fear about what jail staff

*might* do is insufficient to support a claim under §1983. Hanks v. Hubbard, No. 21-2504, 2022 WL 356732, at *3 (7th Cir. Feb. 7, 2022) (citing Twombly, 550 U.S at 554–56). Although the plaintiff may prefer not to use the jail's inter-department system, it is a free alternative to using the envelopes and stamps that he says he cannot afford to pay for on his own.

Alternatively, the plaintiff could be arguing that by denying him envelopes, jail staff have denied him access to the courts. To succeed on a claim that staff denied him access to the courts, the plaintiff must show that their "conduct prejudice[d] a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). The plaintiff must describe "the underlying cause of action and its lost remedy." Christopher v. Harbury, 536 U.S. 403, 416 (2002) (citing Lewis v. Casey, 518 U.S. 343, 353 & n.3 (1996)). The plaintiff must show "'some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation.'" Gentry v. Duckworth, 65 F.3d 555, 558 (7th Cir. 1995) (quoting Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir. 1992)). As the court has explained, the plaintiff has not alleged that he suffered any injury from the jail denying him envelopes and stamps. He does not allege that he was unable to obtain an attorney or that he lost his appeal because of the jail's policies. This court has received several letters from the plaintiff, and all of them have been sent to the court in an envelope. The records in his closed state criminal case similarly show that he has had frequent correspondence with that court in and since May 2025. See State v. Corbeil, Waushara County Case Number 2012CF000127 (available at https://wcca.wicourts.gov/

case.html).[1] Without showing that he suffered any injury, the plaintiff cannot state a First Amendment claim.

The plaintiff also could be seeking relief based solely on the jail's denial of envelopes and stamps. "The right of access to the courts necessarily entitles the prisoner to envelopes and stamps in order to correspond with the courts and legislature. . . . But inmates do not have a right to unlimited free supplies." Eason v. Nicholas, 847 F. Supp. 109, 112 (C.D. Ill. 1994) (citing Bounds, 430 U.S. at 824–25; Gaines v. Lane, 790 F.2d 1299, 1308 (7th Cir. 1986)). The plaintiff has not alleged that the jail denied him envelopes altogether; he says that Lieutenant McCoy cut him off after determining that he already had received several envelopes that week. The jail may limit the plaintiff's receipt of additional free legal materials. And again, the plaintiff "does not identify any specific negative consequences" from temporarily not receiving additional envelopes or stamps. Owens v. Evans, 878 F.3d 559, 565 (7th Cir. 2017).

The plaintiff alleges that the jail is violating its own internal rule allowing incarcerated persons unlimited correspondence with the courts and attorneys. But as the court has explained, the plaintiff has not alleged that jail staff have cut off his communication with the public defender's office or the court. He says only that staff limited the way in which he may contact them. In any event, a violation of an internal jail rule does not equate to a constitutional violation. See Pulera v. Sarzant, 966 F.3d 540, 551 (7th Cir. 2020).

Although the plaintiff has named the Waushara County Jail as a defendant, the jail is a "non-suable entity." Smith v. Knox Cnty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). Under Wisconsin law, the jail is a unit of the

---

[1] The plaintiff also has an open state criminal case in which he has counsel. State v. Corbeil, Waushara County Case Number 2025CF000121.

Waushara County Sheriff's Department, which "is not a legal entity separable from the county government which it serves" and is not subject to suit under §1983. Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004).

The court concludes that the complaint does not state a claim. The court has received from the plaintiff a request for "permiss[i]on to file a[n] Amended Complaint." Dkt. No. 11. "District courts have broad discretion to deny leave to amend the pleadings where the amendment would be futile." Esco v. City of Chicago, 107 F.4th 673, 683 (7th Cir. 2024) (citing Russell v. Zimmer, Inc., 82 F.4th 564, 572 (7th Cir. 2023)). The court concludes that allowing the plaintiff to amend his complaint would be futile because further factual development would not save the plaintiff's claims from dismissal. The court will dismiss this case and will deny the plaintiff's request to amend his complaint. Because the court is dismissing this case, the court will deny as moot the plaintiff's motion to appoint counsel. Dkt. No. 17.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **DENIES** the plaintiff's motion to amend his complaint. Dkt. No. 11.

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 17.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the full **$350** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Waushara County Sheriff, who oversees the Waushara County Jail where the plaintiff is incarcerated, and will email a copy to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no

10

Case 2:25-cv-00768-PP    Filed 11/13/25    Page 10 of 11    Document 19

merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of November, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

11
Case 2:25-cv-00768-PP   Filed 11/13/25   Page 11 of 11   Document 19